## JAMES COLE v. D. J. COLE'S ADM'R.

Where the pleadings are general and the Court below charges the jury correctly in the aspect in which the case is there presented by the course of the trial, and further instructions are not asked, if there is not some cause to believe that the justice of the case has not been attained, the judgment will not be reversed on the ground that there was an aspect of the case, upon the same evidence, not presented to the jury in the charge of the Court, in which the appellant might have obtained a verdict in his favor.

Cole v. Cole.

Appeal from Harrison.   Tried before the Hon. W. W. Morris.

*D. S. Jennings & N. H. Wilson,* for appellant.

*M. J. Hall,* for appellee.

HEMPHILL, Ch. J.   This was a suit for the recovery of a female slave.   The titles were not set out in the pleadings. The plaintiff (appellee in this Court,) at the trial introduced a bill of sale from the defendant and one Douglass to his intestate, dated in August, 1842.   There was proof for and against the genuineness of the signatures to this document.   The plaintiff also set up adverse possession, proving acts of ownership, one of which was in presence of the defendant.   The defendant (who is appellant here) proved the admissions of the deceased, that he did not own the negro but that she belonged to the defendant, who had let him have her to cook and wash for him to save expenses ; also by one of the witnesses, that the girl belonged to him for life, but after his death she belonged to the defendant or his heirs.   He also read a bill of sale from Douglass to himself, conveying the said girl with other slaves. This instrument was dated in March, 1842, some months prior to the bill of sale from the defendant and Douglass to the deceased intestate.   The Court charged the jury in effect, that if, from the evidence, they believed that the defendant executed the bill of sale purporting to be signed by Douglass and defendant to David J. Cole, they should find for the plaintiff.   But if they found that defendant did not execute said bill of sale, and that the property originally belonged to the defendant, then they should ascertain from the testimony whether David J. Cole held adverse possession of the slave for two years next before his death.   If so, the plaintiff was entitled to recover ; if not, their verdict should be for the defendant.

The judgment was for plaintiff. The defendant appealed ; assigned error ; and in his brief insists that the following portion of the charge was erroneous, viz: "If the jury believe from the " evidence, that the defendant executed the bill of sale, purport- " ing to be signed by Douglass and the defendant, to David Cole " for the slave in question, your verdict should be for the plain- " tiff."

The charge of the Court is not so full a representation of the law of the case as would have been authorized upon the facts. The bill of sale may have been genuine, but the property may have been held by the intestate under some secret trust or arrangement for the defendant ; and this the latter attempted to prove, by inference, to be drawn from the admissions of the intestate that the property was not in him, but the defendant. But the omission to charge more fully is not, under the circumstances of this case, such error as should reverse the judgment. The defendant did not pretend, by argument or evidence, expressly to that effect, that there was any secret trust in his behalf coupled with the bill of sale. His proof went to deny its genuineness altogether. Nor did he set up or attempt to prove any re-purchase from the intestate. His evidence, or a portion of it, rebutted the idea of a re-purchase. It controverted and denied the fact that the intestate had ever purchased the slave from him. His evidence, from which re-purchase is now deduced, went merely to explain and establish the right in which the intestate held the slave, viz : that he, the intestate, was holding the slave not for himself but for the defendant. His evidence, as a whole, repudiated the bill of sale to the intestate ; and the inference now attempted to be drawn, that such evidence was compatible with the sale, but showed a re-purchase by defendant, was perhaps not insisted upon below, or presented to the view of the Court. The controversy, in its principal feature, was whether there was or was not a bill of sale, and whether the possession was or not adverse. Had the defendant believed that the jury were not fully in-

structed in the law, or that they might, from the evidence, find the property to be in him, notwithstanding the genuineness of the the bill of sale, he should have asked such instructions as would have supplied the omission in the general charge. This he did not do ; and under such circumstances it is not the duty of this Court to be very critical in the detection of errors, or to reverse for omissions, when, upon the whole, the justice of the case was probably attained by the verdict. The evidence was conflicting. It was for the jury to determine upon its weight and the credibility of witnesses. The verdict cannot be said to be against evidence, and it is ordered that the judgment be affirmed.

Judgment affirmed.